HARRISON CASE *v.* LOUISVILLE & NASHVILLE RAILROAD CO. ET AL.

**Abandonment—Work Incompleted.**

Where an abandonment of a contract for work to be performed, is shown, if the owner suffers loss thereby, he is entitled to show same as a set-off to the claim of the creditors of the contractor, for the unpaid balance due.

APPEAL FROM MARION CIRCUIT COURT.

September 22, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

From the account current of the work and labor performed by

Conehan for appellee, and the payments made for the same, it appears that when he abandoned the work of appellee, it owed him $730, the injury and actual loss sustained on account of the abandonment of the work by Conehan greatly exceeded that amount; but it is insisted for appellant that he had a hard bargain. If that be so, there is neither allegation nor proof that he did not enter it freely and voluntarily. He might have discovered after making it that he would sustain even greater losses by pursuing further than he had done when he abandoned it and for that reason left. It is in evidence that appellee lost more by his failure to comply than the amount it owed him when he left. So that it cannot be a forfeiture in the proper sense; but it is remuneration in part for an actual loss for a breach of contract.

The case in *16 B. Mon.*, refererd to, is not analogous to this case. Here Conehan has received the price agreed upon for his work and labor except $730; he fails to finish the work, and goes to parts unknown, and his employer does not refuse to pay him according to his contract, but claims damages for the breach of the contract on the part of Conehan to the amount it owes him. There is no controversy as to the amount earned under the contract but shall the defaulting contractor have it all and abandon the work and leave appellee to employ others to do what he had contracted to do, at an additional cost of more than twice the amount he owes. That does not seem equitable or just. Wherefore, we feel constrained to *affirm* the judgment.

*Ro & Fo, Harrison, for appellant.*

*Noble, for appellee.*